IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| BIKASH GURUNG, | § § | |
| Petitioner, | § § | |
| v. | § § | 1:26-CV-404-RP |
| KRISTI NOEM, *in her official capacity as Secretary of the U.S. Department of Homeland Security*, et al., | § § § § § | |
| Respondents. | § § | |

## ORDER

Before the Court is Petitioner Bikash Gurung's ("Petitioner") Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241. (Dkt. 1). Respondents Kristi Noem, Secretary of the U.S. Department of Homeland Security; Pamela Bondi, U.S. Attorney General; Todd M. Lyons, Director of U.S. Immigration and Customs Enforcement ("ICE"); Sylvester Ortega, Field Office Director for Detention and Removal, U.S. ICE; and the Warden of the T. Don Hutto Detention Center,[1] (together, "Respondents"), filed a response. (Dkt. 5). Petitioner filed a reply. (Dkt. 7).

Respondents assert that "ICE has a valid travel document for [Petitioner], and the only impediment to removal is the order staying removal" that the Court entered to preserve its jurisdiction when it ordered Respondents to show cause as to why the Petition should not be granted, pursuant to 28 U.S.C. § 2243. (Resp., Dkt. 5, at 2; Order, Dkt. 2, at 3–4). Respondents further assert that Petitioner cannot raise a due process claim under *Zadvydas v. Davis*, 533 U.S. 678 (2001) because he "has been in custody for less than 30 days." (Resp., Dkt. 5, at 1–2).

The issue that is squarely before the Court—and squarely within the Court's jurisdiction under *Zadvydas*—is whether Petitioner's detention pending removal is lawful or has become

---

[1] The Response was filed only on behalf of the federal respondents in this action. (Resp., Dkt. 5, at 1).

1

unlawfully prolonged. *See Zadvydas*, 533 U.S. at 688 ("We conclude that § 2241 habeas corpus proceedings remain available as a forum for statutory and constitutional challenges to post-removal-period detention."). This case is not about Petitioner's underlying removability, which he does not contest. (*See* Pet., Dkt. 1, at 9). Where the fundamental issue contested is length of detention pending removal, as here, and where the government has asserted that removal is imminent, the Court believes it to be appropriate to lift the bar on removal from the district.

However, the Court is unconvinced by Respondents' argument that *Zadvydas* forecloses review of Petitioner's re-detention. The constitutional restrictions on length of detention identified in *Zadvydas* do not restart with release and re-detention; such a holding would effectively allow gamesmanship of release to support indefinite detention, a result fundamentally at odds with the constitutional protections mandated in *Zadvydas*. *See Villanueva v. Tate*, 801 F. Supp. 3d 689, 702 (S.D. Tex. 2025) ("The government's contention that it may avoid the holding of *Zadvydas* and re-start the six-month presumptively constitutional detention clock by simply releasing and then re-detaining a noncitizen has no basis in either the statutes, the regulations, or *Zadvydas* itself.") (collecting cases). Petitioner was originally detained from March 2022 to August 2022, and—after release on supervision, during which he followed all requirements of his supervision for more than two years—he was re-detained from January 28, 2025 until his release pursuant to court order in January 2026. (Pet., Dkt. 1, at 2). It is difficult to understand how Respondents can assert that "he has not been continuously detained with a final order of removal for six months." (Resp., Dkt. 5, at 2). Indeed, Respondents were previously ordered to release Petitioner in part because his detention was prolonged without evidence that his removal was reasonably foreseeable. *Gurung v. Warden, South Texas ICE Processing Center et al*, 5:25-CV-1614-XR, Dkt. 8 (Jan. 6, 2026). They cannot re-initiate prolonged detention, shielded from review, solely on the basis that Petitioner was released for less than a month in the interim. As a result, while the Court will lift the portion of its past order barring

Petitioner's removal from the district, it will not close the case at this time. Should Respondents fail to timely effectuate Petitioner's lawful removal, Petitioner may re-urge his arguments for release.

**IT IS ORDERED** that the bar to Respondents removing Petitioner from the United States put in place by the Court in its Order to Show Cause, (Dkt. 2), is **LIFTED**. However, **IT IS FURTHER ORDERED** that Respondents remain barred from transferring Petitioner to any facility outside the boundaries of the Austin Division of the Western District of Texas for purposes of detention.

**SIGNED** on March 12, 2026.

_____
ROBERT PITMAN
UNITED STATES DISTRICT JUDGE